**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DAVID YORK, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:10-CV-02991-RWS
WELLS FARGO BANK, :
NATIONAL ASSOCIATION, :
INC., :
:
    Defendant.

## **ORDER**

This case comes before the Court on Plaintiff David York's ("Plaintiff") Motion to Strike or in the Alternative Motion in Limine to Exclude Any Witness or Document Not Disclosed During the Discovery Period and Request for Sanctions ("Pl.'s Mot.") [58]. After reviewing the record, the Court enters the following Order.

Plaintiff moves the Court to prohibit Defendant from using at trial a witness and certain documents that Plaintiff contends were disclosed in an untimely fashion in violation of Federal Rule of Civil Procedure ("Rule") 37(c), which Rule governs a party's failure to disclose or to supplement an earlier discovery response. (See generally Pl.'s Mot., Dkt. [58].) In particular,

Plaintiff points to Defendant's "Supplemental Initial Disclosures," filed on May 11, 2012, in which Defendant, for the first time, named Allison Foy as an individual having personal knowledge about the case and identified previously-undisclosed documents. (Id. at 6 (citing Defs.' Supp. Initial Disclosures, Dkt. [50].) Plaintiff contends that this supplementation of discovery responses, occurring more than six months after the formal close of discovery, is prejudicial to Plaintiff, without justification, and therefore barred under Rule 37(c).

Defendant, on the other hand, argues that its identification of Foy and disclosure of additional documents was consistent with Rule 26(e)(1)(a), which requires a party to supplement its discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete." (Def.'s Resp. in Opp'n to Pl.'s Mot. ("Def.'s Opp'n"), Dkt. [64] at 5 (citing Fed. R. Civ. P. 26(e)(1)(a)).) In this regard, Defendant argues that its counsel notified Plaintiff of the additional documents as soon as he was made aware of them and provided Plaintiff with copies of the same as soon as he was able to do so. (Id.; Aff. of Dylan W. Howard, Dkt. [64-1] ¶¶ 4-7.) Defendant also points out that its supplemental identification of Foy was "more

2

procedural than substantive," as Plaintiff himself had identified Foy both in his Complaint and initial disclosures. (Def.'s Opp'n, Dkt. [64] at 4 (citing Compl., Dkt. [1] ¶ 25 & Pl.'s Initial Disclosures, Dkt. [13] Ex. A).)

Defendant also argues that, contrary to Plaintiff's argument, its supplemental discovery responses are not sanctionable under Rule 37(c), which provides as follows:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at trial . . . *unless the failure was substantially justified or is harmless*.

Fed. R. Civ. P. 37(c)(1) (emphasis added). Defendant argues that its supplemental discovery responses were "substantially justified" because they were made in accordance with Rule 26(e). (Def.'s Opp'n, Dkt. [64] at 6.) Defendant also argues that the supplemental discovery was "harmless" to Plaintiff. (Id.) To this end, Defendant points out that (1) Foy had already been identified by Plaintiff in his Complaint and initial disclosures and (2) that the majority of the supplemental documents were "already in Plaintiff's possession, as they are documents Plaintiff submitted to [Defendant] as part of a loan modification application." (Id. at 1-2, 6-11.)

3

As for the disclosure of Foy, the Court finds that the delay in the disclosure was harmless to Plaintiff. Plaintiff identified Foy in the Complaint and in his Initial Disclosures, so he cannot claim surprise. The Court reaches the same conclusion as to the documents that Plaintiff had submitted to Wells Fargo as part of his loan modification application. Having full knowledge of these documents, Plaintiff is not harmed by Defendant's late disclosure of them.

However, as to all other documents disclosed for the first time in Defendant's Supplemental Initial Disclosures on May 12, 2012, the Court finds that those documents should be excluded at trial. Even though counsel identified the documents as soon as he was aware of them, there is no evidence that Defendant conducted "an adequate and complete search for responsive documents." In re Delta/AirTran Baggage Fee Antitrust Litigation, Case No. 1:09-MD-2089, 2012 WL 360509, at *21 (N.D. Ga. Feb.3, 2012). In fact, it appears that these documents have been in Defendant's possession throughout this litigation and should have been readily identifiable as relevant to this case. The Court concludes that the failure to identify these documents was neither justified nor harmless. Therefore, as to these documents, Plaintiff's Motion is granted.

4

Based on the foregoing, Plaintiff David York's Motion to Strike or in the Alternative Motion in Limine to Exclude Any Witness or Document Not Disclosed During the Discovery Period and Request for Sanctions [58] is **GRANTED, IN PART** and **DENIED, IN PART**. Documents that were not identified until Defendant's Supplemental Initial Disclosures and were not documents submitted by Plaintiff to Wells Fargo as part of his loan modification application will be excluded at trial.

**SO ORDERED**, this  10th  day of August, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)